IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW LOVETT, IDA A. WILLIAMS AND TRACY L. ROMANS, On behalf of themselves individually and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CONNECT AMERICA.COM t/a CONNECTAMERICA <br><br> Defendant. | NO. <br><br><br><br> JURY TRIAL DEMANDED |

COMPLAINT

Plaintiffs, Matthew Lovett, Ida Williams and Tracey Romans, ("Plaintiffs"), by and through their undersigned counsel, on their own behalf and on behalf of all others similarly situated, hereby bring suit in this collective action against Defendant to recover unpaid minimum wages, overtime compensation, damages and for other relief under the Fair labor Standard Act of 1938 ("FLSA") as amended, 29 U.S.C. Sec. 201 et seq.

PARTIES

1.  Plaintiff, Matthew Lovett (hereinafter "Lovett"), is an adult resident and citizen of the Commonwealth of Pennsylvania and resides at 4958 State Road, Drexel Hill, PA 19026. His written consent to participate in this lawsuit is attached hereto as Exhibit 1.

2. Plaintiff, Ida A. Williams (hereinafter "Williams"), is an adult resident and citizen of the Commonwealth of Pennsylvania and resides at 213 South 49th Street, Apt. 2, Philadelphia, PA 19151. Her written consent to participate in this lawsuit is attached hereto as Exhibit 2.

3. Plaintiff, Tracy L. Romans (hereinafter "Romans"), is an adult resident and citizen of the Commonwealth of Pennsylvania and resides at 319 South St. Bernard Street, Philadelphia, PA 19143. Her written consent to participate in this lawsuit is attached hereto as Exhibit 3.

4. Plaintiff Lovett has been employed by Defendant since about July 25, 2013 through the present and he was subjected to Defendant's illegal compensation practices during the time period between about July 25, 2013 and October 1, 2013.

5. Plaintiff Williams was formerly employed by Defendant between about December 7, 2012 and April 1, 2014 and she was subjected to Defendants' illegal compensation practices during the time period between about December 7, 2012 and October 1, 2013.

6. Plaintiff Romans was formerly employed by Defendant between about March 18, 2013 and April 10, 2014 and she was subjected to Defendants' illegal compensation practices during the time period between about March 18, 2013 and October 1, 2013.

7. On information and belief, Defendant, Connect America.Com, LLC t/a ConnectAmerica (hereinafter "Defendant"), is

a corporation with its principal place of business located in this judicial district at 53 West Baltimore Pike, Media, PA 19026.

8. Defendant engages in sales of interactive (2-way) home medical emergency monitoring to consumers across the country.

## JURISDICTION

9. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216 (hereinafter "FLSA") and 28 U.S.C. § 1331.

## FACTS

10. Plaintiffs, Lovett, Williams and Romans, and all similarly situated persons who have or in the future may opt into this action (hereinafter "Plaintiffs") are current and former employees of Defendant who were improperly designated as Independent Contractors during the statutory period set forth herein below.

12. Plaintiffs were employed by Defendant since 3 years before the filing date for this action and through October 1, 2013 (hereinafter "the statutory period") and had essentially the same job duties.

13. Plaintiffs were employees of the Defendant pursuant to the FLSA during the statutory time period.

14. Plaintiffs, who were ordinarily referred to in title as

"Senior Safety Consultants" were paid on a commission basis only during the statutory period.

15. The primary job duties of the Plaintiffs were to solicit sales of interactive (2-way) home medical emergency monitoring over the telephone to consumers across the country.

16. Defendant managed and controlled all aspects of the Plaintiffs' employment, including the amount of hours worked and the amount of overtime worked. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

17. As per Defendant's wage and hour practices and policies, the Plaintiffs did not receive a weekly guaranteed salary of $455.00.

18. The Plaintiffs routinely worked 40 or more hours per week during the statutory time period but have not always received minimum wages or overtime compensation pursuant to the FLSA.

19. During the statutory period, the Plaintiffs were not properly paid overtime for hours worked in excess of 40 per week pursuant to the FLSA during the statutory period.

20. During the statutory period, the Plaintiffs were not guaranteed minimum wages pursuant to the FLSA and often did not received such minimum wages.

21. The Plaintiffs were not required to record their time worked and Defendant failed to maintain accurate time records as

required by the FLSA.

22. Defendant's failure to pay the Plaintiffs minimum wages and overtime compensation pursuant to the FLSA, when such wages were due to the plaintiffs, violated the FLSA.

23. Defendant failed to pay minimum wages and/or overtime compensation to the Plaintiffs during their employment by intentionally, willfully and improperly designating their position as exempt from minimum wages and overtime requirements.

24. As a result of this unlawful practice, the Plaintiffs suffered a loss of wages.

## Collective Action Allegations

25. Plaintiffs reasserts and realleges the allegations set forth in 1-24.

26. Plaintiffs seek to proceed as a collective action pursuant to 29 USC 216(b) on behalf of themselves and a class of persons as defined above who worked for Defendant at any time from three years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class").

27. Plaintiffs and other members of the FLSA Class are similarly situated inasmuch as, inter alia, they have all had similar duties, performed similar tasks, been subjected to the same requirements under the FLSA to be paid minimum wages and overtime wages unless properly exempted thereunder, been

subjected to similar pay plans, been required to work and have worked up to 40 or more hours per week, and have not been denied minimum wage and overtime compensation for all hours worked.

28. Defendant has encouraged, permitted and required the Plaintiffs and the FLSA Class to work 40 or more hours per week without ensuring payment of minimum wage and overtime compensation pursuant to the FLSA.

29. Defendant has known that the Plaintiffs and the FLSA Class has performed work that has required both minimum wage and overtime compensation. Nonetheless, Defendant has operated under ascheme to deprive the Plaintiffs and the other members of the FLSA Class of minimum wage and overtime compensation by failing to properly compensate them for all time worked.

30. Defendant's conduct, as alleged herein, has been willful and has caused significant damage to the Plaintiffs and the members of the FLSA Class.

**Count 1: Violation of the FLSA by failing to pay minimum wages**

31. Plaintiffs reassert and reallege the allegations set forth in 1-30.

32. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 USC 207(a)(1).

33. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and its employees are engaged in commerce.

34. Defendant routinely and regularly failed to pay class members the applicable minimum wage, in violation of 29 U.S.C. §206(a).

35. Under the FLSA, Defendant was Plaintiffs' "employer," and is liable for unpaid minimum wages and compensation owed to Plaintiffs.

36. As a result of Defendant's unlawful practices, Plaintiffs suffered a loss of wages.

37. Plaintiffs are entitled to recover from the Defendant liquidated damages in a sum equal to actual damages pursuant to the FLSA.

38. Plaintiffs are entitled to recover from the Defendant reasonable attorneys fees at a rate of $450.00 per hour and costs pursuant to the FLSA.

**Count 2: Violation of FLSA by failing to compensate for overtime**

39. Plaintiffs reassert and reallege the allegations set forth in 1-38.

40. At all times relevant to this action, the Plaintiffs and those similarly situated have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, et seq.

41. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

42. By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

43. Section 13 of the FLSA, 29 U.S.C. §2 13, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the Plaintiffs because, inter alia, they have not been paid a guaranteed salary of at least $455.00 per week and have not otherwise met the requirements for coverage under the exemptions.

44. The Plaintiffs were victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime compensation.

45. Upon information and belief, in the course of perpetrating these unlawful practices, Defendant has willfully failed to keep accurate records of all hours worked by the FLSA Class.

46. Defendant has acted willfully and has either known that its conduct violated the FLSA or has shown reckless disregard for the matter of whether its conduct violated the

FLSA. Defendant has not acted in good faith with respect to the conduct alleged herein.

47. As a result of Defendant's unlawful practices, Plaintiffs suffered a loss of wages.

48. Plaintiffs are entitled to recover from the Defendant liquidated damages in a sum equal to actual damages pursuant to the FLSA.

49. Plaintiffs are entitled to recover from the Defendant reasonable attorneys fees at a rate of $450.00 per hour and costs pursuant to the FLSA.

WHEREFORE, Plaintiffs, individually, and the FLSA Collective Class, on behalf of all others similarly situated, demand judgment against Defendant, for a sum that will properly adequately and completely compensate Plaintiffs and all others similarly situated for the nature, extent and duration of the damages, costs of this Action, and as follows:

(a) Order the Defendant to file with this Court and furnish to counsel a list of all names and addresses of all employees who were similarly situated to Plaintiffs and who were paid solely on a commission basis who currently work or worked defendant within the last three years prior to filing of this action and through October 1, 2013 (hereinafter "Employee List");

(b) Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all persons identified on the Employee

List, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they were not paid minimum wage or if they worked in excess of 40 hours in a week during the liability period, for which there were not paid the FLSA-required overtime;

(c) Declare and find that the Defendant committed one or more of the following acts:

1. Violations of provisions of the FLSA by failing to pay minimum wages or overtime wages to Plaintiffs and similarly situated persons who opt into this Action; and/or

2. Willful violations of minimum wage and overtime provisions of the FLSA;

(d) Award compensatory damages, including all minimum wage and overtime compensation owed, in an amount according to proof;

(e) Award interest on all overtime compensation due accruing from the date such amounts were due;

(f) Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA;

(g) Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

(i) Provide such further relief as the Court deems just and equitable.

Date: April 25, 2014

/s/ Samuel A. Dion

---

Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
(215) 546-6033
Fax (215) 546-6269
Email: samueldion@aol.com
Attorney for Plaintiff


/s/ Mitchell L. Paul

---

Mitchell L. Paul, Esq.
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
(215) 546-6811
Fax (215) 546-6812
Email: mpaul@paullaw.net
Attorney for Plaintiff

# EXHIBIT 1

## CONSENT TO BE A PARTY TO COLLECTIVE ACTION

Doy mi consentimiento para ser parte demandante en una demanda contra **Connect America.Com, LLC, et al,** y/o entidades e inviduos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (Ley de las Normas Laborales Justas) de conformidad con 29 USC § 216(b). Por la presente yo designo **Samuel A. Dion, Esq.** para representarme en tal demanda.

I consent to be a party plaintiff in a lawsuit against **Connect America.Com, LLC, et al,** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate **Samuel A. Dion, Esq.** to represent me in such a lawsuit.

X _____
Firma (Signature)

Matthew Lovett
_____
Nombre legal complete (Imprenta) (Full Legal Name (print))

4958 State Road
_____
Dirección (Address)

Drexel Hill, PA 19026
_____
Ciudad, Estado Código Postal
City, State Zip Code

(917) 863-9228
_____
Número de teléfono
Phone Number

# EXHIBIT 2

**CONSENT TO BE A PARTY TO COLLECTIVE ACTION**

Doy mi consentimiento para ser parte demandante en una demanda contra **Connect America.Com, LLC, et al,** y/o entidades e inviduos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (Ley de las Normas Laborales Justas) de conformidad con 29 USC § 216(b). Por la presente yo designo **Samuel A. Dion, Esq.** para representarme en tal demanda.

I consent to be a party plaintiff in a lawsuit against **Connect America.Com, LLC, et al,** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate **Samuel A. Dion, Esq.** to represent me in such a lawsuit.

X _____

Firma (Signature)

Ida A. Williams
_____
Nombre legal complete (Imprenta) (Full Legal Name (print))

213 South 49th Street, Apartment 2
_____
Dirección (Address)

Philadelphia, PA 19139
_____
Ciudad, Estado Código Postal
City, State Zip Code

(267) 516-1013
_____
Número de teléfono
Phone Number

# EXHIBIT 3

## CONSENT TO BE A PARTY TO COLLECTIVE ACTION

      Doy mi consentimiento para ser parte demandante en una demanda contra **Connect America.Com, LLC, et al,** y/o entidades e inviduos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (Ley de las Normas Laborales Justas) de conformidad con 29 USC § 216(b). Por la presente yo designo **Samuel A. Dion, Esq.** para representarme en tal demanda.

      I consent to be a party plaintiff in a lawsuit against **Connect America.Com, LLC, et al,** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate **Samuel A. Dion, Esq.** to represent me in such a lawsuit.

X _/s/ Tracy L. Romans_
Firma (Signature)

Tracy L. Romans
Nombre legal completo (Imprenta) (Full Legal Name (print))

319 South Saint Bernard Street

Dirección (Address)

Philadelphia, PA 19143

Ciudad, Estado Código Postal
City, State Zip Code

(267) 323-0697

Número de teléfono
Phone Number